IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY BRAWNER | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-145 |
| WARDEN JOHN FOX | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony Brawner, a federal prisoner previously confined in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Petitioner argues that he is actually innocent of carjacking because the offense originated in Maryland and he was convicted in the District of Columbia. Petitioner also claims that his conviction violated the Double Jeopardy Clause because he was convicted in Maryland of using a handgun during the commission of a crime of violence. These claims are not cognizable in a petition

for writ of habeas corpus under § 2241 because petitioner has not met the requirements set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

A prisoner convicted in the District of Columbia may use § 2241 as the vehicle for attacking a conviction only if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110. In order to seek relief under the savings clause of D.C. Code § 23-110, petitioner must show that: (1) his claim is based on a retroactively-applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner may have been convicted of a nonexistent offense; and (3) the claim would have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or motion to vacate sentence. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003); *Reyes-Requena*, 243 F.3d at 904; *see also Dockery v. Driver*, 364 F. App'x 88, 90 (5th Cir. 2010). To meet the second, or actual innocence, prong of this test, petitioner must prove that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001).

Petitioner's claims do not meet any of the three prongs of the *Reyes-Requena* standard. Petitioner's claims are not based on a retroactively-applicable Supreme Court decision that establishes he was actually innocent of the crime, and petitioner could have raised the claims at the time of trial and in his first collateral attack.

## **ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

So **ORDERED** and **SIGNED** this **3**  day of **June, 2015.**

_____
Ron Clark, United States District Judge